# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MABEL JONES,
    Plaintiff

v.

DISTRICT OF COLUMBIA,
    Defendant

Civil Action No. 19-3121(CKK)

## MEMORANDUM OPINION
(February 10, 2020)

This is an action for attorney's fees and costs brought pursuant to the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C. §§ 1400 *et seq*. Plaintiff's counsel seeks a total of $86,299.80 in fees and costs arising from an administrative proceeding challenging whether the Defendant District of Columbia provided her client with a free and appropriate education as required by the IDEA. Defendant argues that Plaintiff's counsel is not entitled to the $5,819.20 billed for services related to compensatory education and therapeutic placement issues because she did not prevail on those issues in the administrative proceeding. The Court agrees. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record for purposes of this motion, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's [9] Motion. The Court finds that Plaintiff is entitled to $80,480.60 in attorney's fees and costs.

---

[1] The Court's consideration has focused on the following documents:
- Mot. for Attorneys' Fees ("Pl.'s Mot."), ECF No. 9;
- Def. District of Columbia's Opp'n to Pl.'s Mot. for Attorney's Fees ("Def.'s Opp'n"), ECF No. 10; and
- Pl.'s Reply to Def.'s Res. to Pl.'s Mot. for Attorney Fees ("Pl.'s Reply"), ECF No. 11.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

# I. LEGAL STANDARD FOR ATTORNEY'S FEES

The IDEA authorizes a court to award fees "in its discretion and to base the award on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *Parks v. District of Columbia*, 895 F.Supp.2d 124, 129 (D.D.C. 2012) (citation and internal quotations omitted). A party moving for attorney's fees and costs must demonstrate prevailing party status and the reasonableness of the fees requested in terms of hours spent on the matter and hourly rate. *Id.*

Before awarding attorney's fees, the court must initially determine whether the party seeking fees is a prevailing party. *Jackson v. District of Columbia*, 696 F. Supp. 2d 97, 101 (D.D.C. 2010). A prevailing party is commonly understood to mean "one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001). In the D.C. Circuit, in order for a party to be deemed a prevailing party, "(1) there must be a court-ordered change in the legal relationship of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." *Green Aviation Mgmt. Co., LLC v. FAA*, 676 F.3d 200, 203 (D.C. Cir. 2012) (internal citations and quotations omitted). The prevailing party test applies generally to federal fee shifting statutes and has been held to apply specifically to the IDEA. *Robinson v. District of Columbia*, 61 F. Supp. 3d 54, 59 (D.D.C. 2014) (citing *District of Columbia v. Straus*, 590 F.3d 898, 901 (D.C. Cir. 2010)).[2]

# II. ANALYSIS

To begin, the Court notes that it appears that the parties failed to engage in substantive discussions relating to Plaintiff's request for attorney's fees prior to Plaintiff filing her Motion.

---

[2] The Court does not address the legal standard for reasonableness of fees requested because it is not at issue in terms of what Defendant is challenging in this matter.

In her Motion, Plaintiff spends approximately 16 pages of a 21-page Motion arguing that her hourly rate is reasonable. Pl.'s Mot., ECF No. 9, 5-21. However, on the first page of the Opposition, Defendant indicates that "[f]or purposes of *this opposition only*, the District does not challenge the reasonableness of the hourly rates Plaintiff seeks." Def.'s Opp'n, ECF No. 10, 1 n.1. Instead, Defendant challenges only the award of fees for any items listed on Plaintiff's counsel's invoice pertaining to compensatory education or therapeutic placement "because Plaintiff did not prevail on these issues in the administrative hearing." *Id.* at 2. Plaintiff's Motion in no way addressed the grounds asserted by Defendant for the reduction in Plaintiff's fee request.

In response to Defendant's argument for a reduction in Plaintiff's fee request for any items related to compensatory education or therapeutic placement, Plaintiff filed a single-page Reply. *See generally* Pl.'s Reply, ECF No. 11. In her Reply, Plaintiff does not argue that she was the prevailing party on these issues. Instead, Plaintiff contends that she "did not even argue compensatory education or therapeutic placement" at the administrative level. *Id*. at 1. Plaintiff further explains that the only relief requested was "a determination that the student was eligible for special education as an emotionally disturbed student." *Id*. In support of her argument that she did not argue for compensatory education or therapeutic placement, Plaintiff cites to pages 15-16 of the Hearing Officer Determination. Pl.'s Mot., Ex. 1, ECF No. 9-4 (Hearing Officer Determination).

However, on page 15, the hearing officer expressly stated that "[a]t the prehearing conference, Petitioner indicated that she was seeking compensatory education." *Id.* at 15. The hearing officer ultimately chose to "deny any compensatory education award" because Plaintiff

failed to call a witness, present a plan for compensatory education services, or mention compensatory education during her closing arguments. *Id*.

Similarly, the hearing officer also indicated that "[a]t the prehearing conference, Petitioner also sought placement of the Student at a 'therapeutic school.'" *Id.* Plaintiff did not present any witness from a proposed school or request placement at a specific school. However, Plaintiff did reference Witness B and her report which generally describes therapeutic settings. In closing, Plaintiff "softened her request for therapeutic placement," and ultimately the hearing officer ordered that the student's team would "meaningfully consider the placement recommendations of Witness B." *Id.* at 16-17.

Accordingly, there is uncontroverted evidence that Plaintiff did argue before the hearing officer for compensatory education and therapeutic placement. Although the hearing officer ordered the student's education team to consider "placement recommendations of Witness B," the hearing officer did not order therapeutic placement. As such, Plaintiff did not prevail on the issues of compensatory education or therapeutic placement.

Even if the student was not awarded compensatory education or placement in a therapeutic setting, Plaintiff argues that her fees for activities involving these subjects should not be reduced. Plaintiff contends that "in investigating and planning for the due process complaint and hearing, it was appropriate and necessary for the attorney to investigate and consider all aspects related to the disability in questions [sic], that being severe emotional disturbance." Pl.'s Reply, ECF No. 11, 1. However, Plaintiff fails to explain how investigations into compensatory education or therapeutic placement were "related to" the student's disability of severe emotional disturbance. Any relation is even more confounding when the Court considers Plaintiff's argument that she "did not even argue" for compensatory education or therapeutic placement. *Id.*

"[T]he *degree* of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee." *Texas State Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 790 (1989); *see also McFarland v. District of Columbia*, No. 12-cv-188 (GK/AK), 2013 WL 12106871, at *7 (D.D.C. May 28, 2013) ("The degree of a party's success on the merits bears on fees recovered through fee-shifting statutes and may be applied to award fractions of a fee claim where a party prevails on only one of several issues in an IDEA case."). Defendant has identified 13 entries corresponding to $5,819.20 in fees which were billed for activities relating to compensatory education and placement in a therapeutic setting. Def.'s Opp'n, Ex. 1, ECF No. 10-1 (highlighting challenged fees). Having reviewed these entries, the Court concludes that they relate to compensatory education and placement in a therapeutic setting rather than to the relief which was actually granted by the hearing officer, namely general eligibility for services. Plaintiff provides no targeted arguments as to why she is entitled to fees for any of the specific entries challenged by Defendant.

Accordingly, the Court concludes that Plaintiff is not entitled to the $5,819.20 in fees for activities related to compensatory education and placement in a therapeutic setting. Subtracting that amount from the $86,299.80 requested, Plaintiff's counsel is entitled to no more than $80,480.60 in attorney's fees and costs.[3]

---

[3] In the Opposition, Defendant states that the remaining balance for Plaintiff's fees and costs after deducting $5,819.20 for the compensatory education and therapeutic placement issues is $80,629.20. Def.'s Opp'n, ECF No. 10, 3. However, it is not clear how Defendant arrived at this number. Plaintiff requests a total of $86,299.80 in attorney's fees and costs. Pl.'s Mot., Ex. 2, ECF No. 9-5. Of that total, $5,819.20 is attributable to compensatory education and therapeutic placement issues. When the Court deducts $5,819.20 from $86,299.80, the total is $80,480.60.

The Court notes that, in her Motion, Plaintiff also requests that she be allowed to submit a supplemental petition for fees on fees. Pl.'s Mot., ECF No. 9, 21. Fees on fees are permitted in IDEA cases. *See Jones v. District of Columbia*, 153 F. Supp. 3d 114, 121-22 (D.D.C. 2015). However, the Court strongly recommends that the parties meet and confer in an attempt to resolve the fees on fees issue prior to Plaintiff filing a Motion. The vast majority of the argument in Plaintiff's Motion for Attorney's Fees addressed the reasonableness of her billing rate which was unnecessary as Defendant did not challenge the reasonableness of Plaintiff's billing rate. Conferring and potentially narrowing, or even resolving, issues which require litigation preserves the resources of both this Court and counsel for both parties.

### III. CONCLUSION

In conclusion, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's [9] Motion for Attorney's Fees. Plaintiff is entitled to $80,480.60 in attorney's fees and costs. Plaintiff is not entitled to the $5,819.20 in fees for activities related to compensatory education and placement in a therapeutic setting.

An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge